UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JARED A. MYNATT, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-983-JTM-AZ |
| RON NEAL, et al., | |
| Defendants. | |

OPINION and ORDER

Jared A. Mynatt, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mynatt alleges that he developed abdominal pain with swelling, diarrhea, and bloody stools around February 29, 2024. On May 10, 2024, he was referred to a gastroenterologist by a physician at Wabash Valley Correctional Facility. Three days later, he was transferred to Indiana State Prison. During his intake exam on May 13, 2024, Mynatt told Tiffany Turner, R.N., about his condition. She indicated that she

"didn't care about that right now" because she was only completing a basic intake exam. (DE # 1 at 3.)

On May 17, 2024, he submitted a Health Care Request Form ("HCRF") about his condition. It was received by medical staff on May 19, 2024. When Mynatt received no response, he submitted a second HCRF on May 24, 2024.[1] He submitted a third HCRF during the night shift on May 24, 2024.[2] He was not seen by medical staff at the prison in response to these HCRFs. However, he was taken to a consultation with an outside gastroenterologist on June 4, 2024. The provider recommended "two types of surgery." (DE # 1 at 4.) At the time he filed his complaint, Mynatt reported that surgery had not been performed. He is suing Dr. Marthakis, Faye Wenzel, RN, Tiffany Turner, RN, Jaqueline Monaco, RN, Patricia Harris, MA, Alyssa Huderin, and Warden Ron Neal.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference

---

[1] Mynatt notes that this form was marked received on both May 19, 2024, and May 23, 2024, even though he did not submit it until May 24, 2024.

[2] Mynatt notes that this form was marked received on May 21, 2024, even though he did not submit it until May 24, 2024.

2

means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

To the extent that Mynatt is complaining that medical staff did not provide further treatment for his condition between when a provider at his previous facility recommended that he see a gastroenterologist on May 10, 2024, and when he saw an outside gastroenterologist on June 4, 2024, he cannot proceed. It takes time to obtain an appointment with a medical specialist, whether incarcerated or not. Mynatt was seen by a specialist less than a month after the consultation was recommended; this does not suggest deliberate indifference to his medical needs. Furthermore, it is unclear what care he expected the medical staff to provide while he was waiting for a specialist to assess his needs.

Mynatt asserts that Dr. Marthakis knew of the gastroenterologists' recommendations but ignored them. Mynatt does not indicate what diagnosis, if any,

3

the gastroenterologists made. He does not describe the recommended surgeries or their purpose. He also does not describe any of his interactions with Dr. Marthakis following the May 4, 2024, appointment with the gastroenterologist. It cannot be plausibly alleged that Dr. Marthakis was deliberately indifferent to Mynatt's serious medical needs without more information about his condition, the recommended surgeries, and Mynatt's interactions with Dr. Marthakis.

Mynatt further alleges that Faye Wenzel, RN, Tiffany Turner, RN, Jaqueline Monaco, RN, Patricia Harris, MA, and Alyssa Huderin "all had direct knowledge of plaintiff's medical needs, yet the chose to act with deliberate indifference by not processing paperwork, order[ing] or provid[ing] medical exams and falsifying documents." (DE # 1 at 4.) Mynatt does not indicate which defendant is responsible for which acts, and he does not provide any details about how each was involved in the alleged mishandling of information regarding his medical needs. He indicates he repeatedly told these individuals about his stomach issues and requested medications for relief. It is, however, unclear if he is alleging that they were indifferent to his care before or after he saw the gastroenterologist. With the exception of a single interaction with Turner at intake,[3] Mynatt does not describe any specific interactions with any of these defendants. These allegations are too vague to permit a plausible inference of deliberate indifference.

---

[3] He alleges Turner made it clear she was uninterested in his allegations regarding stomach pain when she was completing a basic intake exam, but Mynatt received a consultation with a gastroenterologist shortly after he arrived at Indiana State Prison, and Turner's comment at intake did not prevent him from obtaining care following an assessment by a specialist.

4

Finally, on November 11, 2024, Mynatt wrote to Warden Ron Neal about his medical concerns. As of November 22, 2024, Mynatt had not received a response. To the extent that Mynatt is attempting to hold the warden liable because he oversees the facility, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. The amended complaint does not allege that the warden was personally involved in making decisions regarding Mynatt's medical care. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). The sending of a single letter to the warden does not permit a plausible inference that the warden facilitated, approved, condoned, or turned a blind eye to any serious and unmet medical need.

The amended complaint is short on facts, dates, and specifics about Mynatt's medical condition and the treatment he has received. Based on what it does say, it is not plausible to infer that he is receiving constitutionally inadequate medical care. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the

5

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Mynatt believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jared A. Mynatt until **February 10, 2025**, to file an amended complaint; and

(2) **CAUTIONS** Jared A. Mynatt that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

                                            **SO ORDERED.**

Date: January 8, 2025

                                       s/James T. Moody
                                       JUDGE JAMES T. MOODY
                                       UNITED STATES DISTRICT COURT